**U.S. Department of Justice**

# FILED

APR **2 2** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*United States Attorney*
*District of Maryland*
*Northern Division*

---

Stuart M. Goldberg
*Acting United States Attorney, Special Attorney to the Attorney General*

Michael J. Leotta
*Assistant United States Attorney, Special Attorney to the Attorney General*

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

*DIRECT: 410-209-4900*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*

April 4, 2008

Joshua G. Berman, Esq.
Sonnenschein, Nath & Rosenthal
1301 K Street N.W.
Suite 600, East Tower
Washington, DC 20005

*CR 08- 111*

Re:    Plea offer in <u>United States v. Robert E. Coughlin II</u>

Dear Mr. Berman:

This letter sets forth the full and complete plea offer to your client, Robert E. Coughlin II, from the Criminal Division of the Office of the United States Attorney for the District of Maryland (hereinafter <u>referred to as "the Government"</u>). ~~This plea offer will expire at the close of business today.~~ If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

## 1)    <u>Charges and Statutory Penalties</u>

Your client agrees to waive indictment and to plead guilty to Count One of the attached Information, charging him with willfully taking actions, from March 2001 through and including October 2003, affecting a personal financial interest in violation of 18 U.S.C. §§ 208 & 216(a)(2).

Your client understands that the charge carries a maximum sentence of five years of imprisonment, a $250,000 fine, and three years of supervised release. In addition, your client must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally for the conduct set forth in the attached Statement of the Offense, or for any other conduct arising from actions he undertook as an employee of the Department of Justice

from March 2001 through and including March 2006 relating to any interaction with or concerning The Law/Lobbying Firm (as defined in the attached Statement of the Offense) or its then- or former-lobbyists. This agreement not to prosecute Mr. Coughlin does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the Government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Coughlin.

## 2)    Factual Stipulations

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Your client agrees that prior to the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## 3)    Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A.    Offense Level under the Guidelines

The following is a correct calculation of all relevant Sentencing Guidelines factors:

Because the application to your client of the United States Sentencing Commission Guidelines Manual in effect on the date of sentencing would violate the ex post facto clause of the United States Constitution, the Court shall use the Guidelines manual in effect on the date that the offense of conviction was committed. See U.S.S.G. §1B1.11. Your client's offense took place no later than October 2003. Accordingly, the 2002 Guidelines Manual applies to your client's offense.

The guideline applicable to your client's conflict of interest is section 2C1.3. The base offense level is six. See U.S.S.G. §2C1.3(a). Because the offense involved a gratuity, the offense level from section 2C1.2 is to be applied if it is greater than six. See U.S.S.G. §2C1.3(c)(1).

The base offense level from U.S.S.G. section 2C1.2(a) is seven. Because the offense involved more than one gratuity, the offense level is to be increased by two levels pursuant to section 2C1.2(b)(1).

The parties disagree about whether the offense level is to be further increased as a result

of the value of the gratuities. The parties agree that the Court shall resolve this issue at sentencing.

> The Government's position: The value of the gratuities exceeded $5,000 and therefore the offense level is to be further increased by the number of levels from the table in section 2B1.1. See U.S.S.G. §2C1.2(b)(2)(A)(ii). Because the value of the gratuities was greater than $5,000 but less than $10,000, the offense level is to be increased by two levels. Accordingly, the adjusted offense level from section 2C1.2 is 11.

> Mr. Coughlin's position: The value of the gratuities exceeded $2,000 but did not exceed $5,000, and therefore the offense level is to be further increased by one level. See U.S.S.G. §2C1.2(b)(2)(A)(i). Accordingly, the adjusted offense level from section 2C1.2 is 10.

Because the adjusted offense level from section 2C1.2 (level 11 or 10) is greater than the offense level from section 2C1.3 (level six), the greater offense level of 11 or 10 applies to your client's offense.

No other specific offense characteristics or cross-references apply.

Acceptance of Responsibility: two-level reduction: Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to § 3E1.1(a).

In accordance with the above, the applicable Guidelines Offense Level would be nine or eight.

## B.    Criminal History Category

Your client understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. However, based upon the information now available to the Government (including representations by the defense), the Government is not aware of any prior criminal convictions.

In accordance with the above, your client's Criminal History Category appears to be I.

## C.    Applicable Guideline Range

Based upon the calculations set forth above, your client's stipulated Sentencing

Guidelines range is either four to ten months, or zero to six months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines level nine or eight the applicable fine range is $1000 to $10,000.

### D.    Sentencing Allocution

With respect to incarceration, the Government will recommend any sentence it deems appropriate, up to either six or ten months of imprisonment, depending upon the Court's determination of the value of the gratuities, as discussed above. With respect to a fine, the Government agrees to seek a fine within the Sentencing Guidelines range, if at all. In all other respects, except as otherwise provided in this Agreement, the Government reserves its full right of allocution. Except as otherwise provided in this Agreement, your client reserves his full right of allocution.

### 4)    Cooperation

Your client agrees to continue to cooperate completely, candidly, and truthfully in any investigation by the United States Attorney's Office for the District of Maryland, the United States Attorney's Office for the District of Columbia, the United States Department of Justice, and law-enforcement agencies. Specifically, your client agrees:

A.    To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation, including financial records and tax returns;

B.    To answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officers during the course of this investigation;

C.    To make himself available for interviews by attorneys and law enforcement officers upon request and reasonable notice;

D.    Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

E.    To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and

F.    To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

**5)  Section 5K "Substantial Assistance" Motion**

At the time of your client's sentencing, the Government will advise the Sentencing Judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the Government. If the Government determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the Government will file a motion pursuant to § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the Government. Your client further understands that the failure of the Government to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

**6)  Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B)  the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**7)  Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Sentencing Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**8)  Release/Detention**

Your client acknowledges that while the Government will not seek to detain your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

## 9)    **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement, or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## 10)    **Waiver of Statute of Limitations**

By previous letters, your client and the Government agreed to certain tolling of the statute of limitations until April 17, 2008, for the filing of any federal criminal charges arising out of or relating to the association and contacts between certain individuals and your client, the Department of Justice or any DOJ personnel (including but not limited to any gifts, meals or other items of value that the individuals provided or that your client or any DOJ personnel

solicited, and any information, assistance, decision, grant funds, or action of any kind that the individuals sought or that your client or other DOJ personnel offered, took or provided).

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, or should your client breach this agreement as described above or fail to plead guilty as contemplated herein for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## 11)    Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## 12)    Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney.

Your client further understands that this Agreement is binding only upon the Criminal Divisions of the United States Attorney's Offices for the District of Maryland and the District of Columbia, and the United States Department of Justice. This Agreement does not bind the Civil Division of these Offices or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to Assistant United

States Attorney Michael J. Leotta once it has been signed by your client and by you or other defense counsel.

Very truly yours,

Stuart M. Goldberg
Acting United States Attorney

By: _____
Michael J. Leotta
Assistant United States Attorney

Special Attorneys to the
    United States Attorney General

United States Attorney's Office,
District of Maryland,
Fraud and Public Corruption Section
36 S. Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4900

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Joshua G. Berman. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 4/8/08    _____
Robert E. Coughlin II
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully.  These pages accurately and completely sets forth the entire Plea Agreement.  I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____4/8/08_____

_____
Joshua G. Berman, Esquire
Attorney for the Defendant